IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shondell Christopher Patterson, #33803,   ) | C/A No. 8:14-3777-DCN-JDA |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Pres. Barack Hussein Obama,   ) | |
| ) | |
| Defendant.   ) | |
| _____ ) | |

Shondell Christopher Patterson ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, apparently alleging violations of his constitutional rights. It appears that Plaintiff is a detainee at the Alvin S. Glenn Detention Center in Columbia, South Carolina, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

## **BACKGROUND**

Plaintiff, as a concerned citizen, brings this lawsuit against Barack Hussein Obama ("Obama"), the President of the United States, alleging that he has committed illegal actions and seeking injunctive relief of "request for discovery and inquisition." [Doc. 1 at 1–3.] Specifically, Plaintiff alleges that Obama, with the assistance of his corrupt administration, is funneling money "through the avenue of Obama Care" to the Muslim extremist group "ISIS." [*Id.* at 1.] He alleges that he believes Obama is, in fact, a Muslim and often meets with Muslim African leaders. [*Id.*] He believes that Obama is sympathetic to "violent Jihad." [*Id.* at 2]. Plaintiff alleges that Obama has mis-applied governmental codes and laws and acted negligently in matters of national security, all to the harm of the United States and its citizens. [*Id.*] Allegedly, Obama has deprived the United States

citizens of competent, capable leadership, and he is responsible for the "Obama Care disaster, VA scandal, and IRS scandal." [*Id*.]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably

2

read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

This action should be dismissed because Plaintiff, a detainee at the Alvin S. Glenn Detention Center in Columbia, South Carolina, does not plausibly allege an injury in fact to give him standing to bring this action. To file a lawsuit in federal court, a plaintiff must have Article III standing. *Lane v. Holder*, 703 F.3d 668, 671–72 (4th Cir. 2012), *cert. denied*, 134 S. Ct. 1273 (2014). There are three essential elements of standing: injury in fact, causation, and a substantial likelihood that the requested relief will remedy the alleged injury in fact. *See Virginia v. Sebelius*, 656 F.3d 253, 268 (4th Cir. 2011), *cert. denied*, 133 S. Ct. 59 (2012); *Fisher v. King*, 232 F.3d 391, 396 n.5 (4th Cir. 2000). To demonstrate an injury in fact, a plaintiff must allege a concrete, distinct, real and immediate injury, or danger of sustaining a direct injury; a hypothetical injury is not sufficient. *Lebron v. Rumsfeld*, 670 F.3d 540, 560 (4th Cir. 2012), *cert. denied*, 132 S. Ct. 2751 (2012). "This injury must 'affect the plaintiff[s] in a personal and individual way.'" *Lane*, 703 F.3d at 672

(citation omitted). Here, Plaintiff does not allege any real and immediate injury, or danger of sustaining a direct injury, to himself. Instead, he seems to allege that as a citizen of the United States, he is concerned about the President's misconduct in public office. Such an allegation does not satisfy the injury in fact requirement of standing. There is no allegation that Obama's alleged misconduct affects Plaintiff in a personal and individual way. Also, the alleged injury is hypothetical and speculative. Therefore, because subject matter jurisdiction is limited by standing, and Plaintiff lacks standing to bring this action, this action should be dismissed for lack of subject matter jurisdiction.

Additionally, even if Plaintiff has standing to bring a claim pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 389 (1971), against Obama, immunity bars this action. *See Lebron*, 670 F.3d at 548 (explaining the *Bivens* cause of action). Plaintiff's allegations relate to Obama's actions of meeting with African leaders and misconduct in creating Obama Care; these actions were taken by Obama in his official capacity as the President. Because Plaintiff is suing Obama for actions taken in his official capacity as the President of the United States, Obama has absolute immunity from suit because the President is an official "'. . . whose special functions or constitutional status requires complete protection from suit.'" *Garner v. Supreme Court*, C/A No. 3:11-2702-TLW-JRM, 2011 WL 7790900, at *4 (D.S.C. Dec. 16, 2011), *adopted*, 2012 WL 1570053 (D.S.C. May 2, 2012), *aff'd*, 474 F. App'x 387 (4th Cir. 2012).

## RECOMMENDATION

It is recommended that the District Court dismiss this action without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v.*

*Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  **Plaintiff's attention is directed to the important notice on the next page.**

<u>s/Jacquelyn D. Austin</u><br>
United States Magistrate Judge

November 7, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).